NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                        )

| | |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | Hon. Garrett E. Brown, Jr. |
| | Civil Action No. 08-01962 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| JACKIE HERBST, | |
| Defendant. | |

## BROWN, Chief Judge

This matter comes before the Court upon the motion for summary judgment (Doc. No. 36) filed by Plaintiff, the United States Small Business Administration (SBA) as Receiver ("Receiver") for Penny Lane Partners, L.P. ("Penny Lane"), and the motion of Defendant Jackie Herbst ("Defendant") for PACER access (Doc. No. 39). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Receiver's motion for summary judgment and deny Defendant's motion for PACER access.

## I.       BACKGROUND

Receiver brings this ancillary action to recover unfunded capital contributions it claims that Defendant owed as a Private Limited Partner of Penny Lane. Penny Lane was a licensed Small Business Investment Company, and it was placed into Receivership under the SBA by this

Court's Order of May 16, 2006. *United States v. Penny Lane Partners, LP*, Civ. No. 06-1894 (D.N.J. May 16, 2006).

Defendant became a Private Limited Partner in Penny Lane when he executed the Limited Partnership Agreement (LPA) memorializing his interest in the partnership and capital commitment of $920,000. (Pl.'s Br., Van Der Weele Aff. ¶ 3, Ex. 2 (LPA) at 60, 68) (Doc. No. 36). According to William Van Der Weele, principal agent for Receiver, Defendant assigned $460,000 of the $920,000 commitment. (Pl.'s Br., Van Der Weeke Aff. ¶ 5). Defendant's contributions to and distributions from Penny Lane were recorded on Penny Lane's IRS K-1 tax forms ("K-1 forms"). (Pl.'s Br., Van Der Weele Aff. ¶ 6) From the K-1 forms, Mr. Van Der Weele deduced that, as of October 2006, Defendant still owed $103,500 of his original $460,000 non-assigned commitment, and he issued a demand letter for this balance to Defendant on October 31, 2006. (Pl.'s Br., ¶ 7 & Ex. 7). Article 5.11 of the LPA provides that Private Limited Partners are liable for 10% interest on any unfunded capital contribution. (LPA Art. 5.11 Doc. No. 36, Ex. 2). It is undisputed that Defendant has not paid any of this remaining balance. (*See* Receiver's 56.1 Statement ¶ 9 (Doc. No. 38) *and* Pl.'s Br., Van Der Weele Aff. ¶ 8).

## II.    ANALYSIS

### A. Receiver's Motion for Summary Judgment

Receiver seeks summary judgment under the LPA on this contract claim. A party seeking summary judgment must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir. 1995).

Defendant has not submitted a proper response to Receiver's Statement of Undisputed Material Facts as required by Local Civil Rule 56.1 or a legal brief, but has instead submitted an untimely affidavit that presents a number of unsupported, conclusory assertions. Generally, where a responsive party does not file a Local Rule 56.1 statement, "all facts contained in [the moving party's] Rule 56.1 statement will be deemed admitted if they are supported by evidence and not contradicted in [the adversary's] opposing evidence." *Sampson v. Ctr. for Family Guidance*, Civ. No. 05-4975, 2007 U.S. Dist. LEXIS 60749, at *1 n.1 (D.N.J. Aug. 16, 2007); *Hill v. Algor*, 85 F. Supp. 2d 391, 408 (D.N.J. 2000) ("Facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted."); *see also* FED. R. CIV. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion"). Mindful of Defendant's *pro se* status the Court would normally endeavor to ascertain the material facts that Defendant attempts to dispute. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with

3

a measure of tolerance). However, the motion in opposition to summary judgment was due in advance of the return date on the motion, October 3, 2011. The facsimile affidavit was submitted on October 13, 2011. Even if the Court were to examine the affidavit as a proper opposition to summary judgment it would still be untimely. Accordingly, the court will disregard the late opposition to the motion for summary judgment.

As the moving party, Receiver bears the initial burden of production. Once that burden is satisfied, the burden shifts to Defendant, who must present evidence showing that there is a genuine issue of material fact. *See Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms., Inc.*, Civ. No. 07–5855, 2011 WL 2609855, at *4 (D.N.J. June 30, 2011); *United States v. Rebelo*, 646 F. Supp. 2d 682, 689–90 (D.N.J. 2009). What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that "[t]he object of [Rule 56] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Anderson*, 477 U.S. at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993) (stating that "[t]o raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[ ] the 'mere scintilla' threshold and . . . offer[ ] a genuine issue of material fact").

This Court has jurisdiction over this ancillary action pursuant to the Court's May 16, 2006 Order in the receivership action, Civ. No. 06-1894, and pursuant to 15 U.S.C. § 687(c), and 28 U.S.C. §§ 754, 1367, and 1692. Article 10.8 of the LPA provides that Delaware law governs

4

disputes arising from the agreement. New Jersey law gives effect to contractual choice of law provisions unless the law of the selected forum "has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or otherwise would violate New Jersey public policy. *N. Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 568–69 (1999).

The Court finds that Receiver has set forth evidence that Defendant executed the LPA and thus was a Private Limited Partner of Penny Lane.

Having ascertained Defendant's status as a Private Limited Partner, the Court turns to the question of how much Defendant owes. The Court has reviewed the K-1 forms and finds that Mr. Van Der Weele correctly deducted Defendant's annual contributions reflected therein from the capital commitment reflected in the LPA. The K-1 forms reflect that Defendant contributed a total of $356,500 of the $460,000 in non-assigned interest he pledged in the LPA between 1996 and 2003. (Pl.'s Br., Van Der Weele Aff. ¶¶ 6–7 & Ex. 9.) The remaining balance, after these contributions, is $103,500. Defendant has not presented colorable evidence that he owes a different amount under the LPA. Consequently, no genuine dispute of material fact exists with regard to the amount owed by Defendant under the LPA.

In sum, Receiver has satisfied the burden of production by presenting evidence of Defendant's commitments under the LPA, as well as evidence of Defendant's remaining balance. Defendant has failed to present colorable evidence that would create a genuine dispute of material fact, and Defendant has not presented a cognizable legal or factual theory that would overcome his obligations under the LPA. Consequently, the Court will grant summary judgment in favor of Receiver in the amount requested, $103,500 plus 10% interest pursuant to Article 5.11

of the LPA.

    *B. Defendant's Motion for PACER Access*

    Defendant has also moved for PACER access. The standard of review for *in forma pauperis* motions is that "the procedure followed in the district court may not be so employed as to leave a pro se litigant absolutely penniless." *Bullock v. Suomela*, 710 F. 2d 102, 103 (3d Cir. 1983). The motion for access to PACER has been submitted at a particularly late stage of litigation. The courts have not looked favorably on this practice. *See In re Mactruong*, 335 Fed. Appx. 156 (3d Cir. 2009). Additionally, Defendant has not shown that free legal research on PACER is "necessary to avoid unreasonable burdens." *See Electronic Public Access Fee Schedule* (reprinted with 28 U.S.C. § 1914). Accordingly, the Court will grant Receiver's motion for summary judgment.

## III.   CONCLUSION

    For the forgoing reasons, the Court will grant Receiver's motion for summary judgment (Doc. No. 36) and deny Defendant's motion for PACER access (Doc. No. 39). An appropriate form of Order accompanies this Memorandum Opinion.


Dated: November 14, 2011

                                                 _____s/ Garrett E. Brown, Jr._____
                                               GARRETT E. BROWN, JR., U.S.D.J.