NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | Hon. Garrett E. Brown, Jr. <br><br> Civil Action No. 08-01962 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| JACKIE HERBST, | |
| Defendant. | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion to dismiss for lack of subject matter jurisdiction (Doc. No. 41) filed by defendant Jackie Herbst ("Defendant"). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will deny Defendant's motion to dismiss for lack of subject matter jurisdiction.

I.      BACKGROUND

Plaintiff, the United States Small Business Administration (SBA) as Receiver for Penny Lane Partners, L.P., brought an ancillary action to recover unfunded capital contributions it claimed that Defendant owed as a Private Limited Partner of Penny Lane. Penny Lane was a

licensed Small Business Investment Company, and it was placed into Receivership under the SBA by this Court's Order of May 16, 2006. *United States v. Penny Lane Partners, LP*, Civ. No. 06-1894 (D.N.J. May 16, 2006).

By Opinion and Order of November 14, 2011, this Court granted Plaintiff's motion for summary judgment in the amount requested, $103,500 plus 10% interest, pursuant to Article 5.11 of the Limited Partnership Agreement (LPA) (Doc. Nos. 42, 43). On November 14, 2011, Plaintiff moved to dismiss for lack of subject matter jurisdiction (Doc. No. 41).

## II.  ANALYSIS

Defendant makes no new arguments in support of the motion to dismiss. Instead he reiterates several assertions made in the untimely affidavit that this Court construed as motion in opposition to summary judgment (Doc. No. 42 at 3). Plaintiff argues that the Court has no subject matter jurisdiction because the Complaint identified the partnership in receivership as "Penny Lane Capital Partners, L.P.," as opposed to "Penny Lane Partners, L.P." He also challenges the validity of the LPA. Neither of these assertions undermine subject matter jurisdiction.

The challenged reference appears to have been a simple scrivener's error, and Defendant has shown no prejudice by the mistake. The Complaint clearly identified "Penny Lane Partners, L.P.," as the entity in receivership in both the Complaint caption and in paragraph 2 of the Complaint, which cited this Court's order in the receivership action, *United States v. Penny Lane Partners, L.P.*, Civ. No. 06-1894 (D.N.J. May 16, 2006). Plaintiff's motion for summary judgment expressly identified the partnership as "Penny Lane Partners, L.P." (Doc. No. 36 at 1), and Defendant's untimely response clearly demonstrated that he understood Plaintiff to be referring to Penny Lane Partners, L.P., as opposed to another entity. The Federal Rules of Civil

Procedure provide that "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Defendant has had a full and fair opportunity to respond to the merits of Plaintiff's claims, but has made no effort to show unfair surprise or prejudice from this pleading error. This Court concludes that no injustice would result by construing the Complaint's reference to Penny Lane Capital Partners, L.P., to mean the entity that both parties understood Plaintiff to be referring to—Penny Lane Partners, L.P. Accordingly, the Court will deny Defendant's motion.

This Court also has jurisdiction over this ancillary action pursuant to the Court's May 16, 2006 Order in the receivership action, Civ. No. 06-1894, and pursuant to 15 U.S.C. § 687(c), and 28 U.S.C. §§ 754, 1367, and 1692. Article 10.8 of the LPA provides that Delaware law governs disputes arising from the agreement. New Jersey law gives effect to contractual choice of law provisions unless the law of the selected forum "has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or otherwise would violate New Jersey public policy. *N. Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 568–69 (1999). This Court previously held that because Plaintiff has set forth evidence that Defendant executed the LPA and therefore was a Private Limited Partner of Penny Lane. (Doc. No. 42 at 5). Defendant reiterates a number of conclusory arguments for why he does not owe the capital contribution to which he committed in the LPA, but these arguments are not supported by coherent factual allegations and Defendant fails to put forth a cogent explanation for how (or when) his capital commitment was reduced in accordance with the terms of the LPA.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 41) is denied. An appropriate Order accompanies this Memorandum

Opinion.


Dated: December 19, 2011

                                                                        s/ Garrett E. Brown, Jr.
                                                    GARRETT E. BROWN, JR., U.S.D.J.