<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | Civ. No. 08-01962 |
| Plaintiff, | **<u>OPINION</u>** |
| v. | |
| JACKIE HERBST, | |
| Defendant. | |

<u>THOMPSON, U.S.D.J.</u>

INTRODUCTION

This matter comes before the Court upon a motion to vacate summary judgment, (Doc. No. 53), filed by Defendant Jackie Herbst.  Plaintiff, the United States Small Business Administration as Receiver for Penny Lane Partners, L.P., opposes.  (Doc. No. 55).  Although the motion is jointly put forward by both Jackie Herbst and his brother, Abraham Herbst, to vacate their individual separate summary judgment rulings, this Court will herein consider the motion to vacate with regard solely to Jackie Herbst, issuing the Opinion and Order for Abraham Herbst separately.  The Court has decided these matters upon review of the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendant's Motion to Vacate Summary Judgment is denied.

BACKGROUND

Defendant Jackie Herbst ("Defendant") moves to vacate a November 14, 2011 summary judgment against him in favor of Plaintiff, the United States Small Business Administration ("SBA" or "Plaintiff") as Receiver for Penny Lane Partners, L.P. ("Penny Lane").  The summary judgment results from an ancillary action brought by Plaintiff to recover unfunded capital contributions Defendant allegedly owed as a Private Limited Partner of Penny Lane.  (Doc. No. 1).  Penny Lane was a licensed Small Business Investment Company, placed into Receivership by court order on May 16, 2006.  *United States v. Penny Lane Partners, L.P.*, Civ. No. 06-1894, Doc. No. 15 (D.N.J. 2006).  Receivership was terminated by court order dated July 23, 2012. *United States v. Penny Lane Partners. L.P.*, Civ. No. 06-1894, Doc. No. 168 (D.N.J. 2012).

On April 22, 2008, Plaintiff filed a Complaint for breach of contract in the District Court to recover $103,500 plus ten percent (10%) interest allegedly owed by Defendant as a result of his partnership obligation. (Doc. No. 1 at ¶¶ 7-18).  After an untimely response on the part of Defendant, (Doc. No. 14), Plaintiff filed a motion for summary judgment on August 31, 2011, (Doc. No. 36).  In support of its motion for summary judgment, Plaintiff supplied a Statement of Undisputed Material Facts, in accordance with Local Rule 56.1, accompanied by three supporting affidavits and the documents mentioned therein.  (Doc. Nos. 36, 38).  Defendant filed a Motion for PACER Access, (Doc. No. 39), and a Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 41).  Because Defendant's response to the Motion for Summary Judgment was untimely, it was disregarded.  (Doc. No. 42).  Upon review, the Court found that Plaintiff satisfied its initial burden of producing evidence of Defendant's commitments under the Limited Partnership Agreement (LPA), and granted summary judgment in favor of Plaintiff for the requested $103,500, plus ten percent (10%) interest, pursuant to Article 5.11 of the LPA.  (*Id.*).

2

Defendant has since moved to vacate the summary judgment ruling based upon the mistake, omission, fraud, misrepresentation, or misconduct on the part of Plaintiff, pursuant to Federal Rule of Civil Procedure 60(b), and to dismiss the action.  (Doc. No. 53).  To support his motion, Defendant submitted an affidavit that includes, in no particular order, the following objections: a) the error in Plaintiff's initial Complaint incorrectly naming "Penny Lane Partners, L.P." as "Penny Lane Capital Partners, L.P." prejudiced Defendant in the subsequent action and defeated proper service of process; b) the Court lacked personal and subject matter jurisdiction; c) the LPA is invalid due to a lack of proper signatures from the SBA and the General Partner; d) a fraud claim against Penny Lane by Defendant in New York state court shows summary judgment was premature; e) Penny Lane engaged in multiple breaches that resulted in the nullification of the partnership contract; f) Plaintiff's submissions in support of summary judgment failed to comply with the Federal Rules of Civil Procedure, and were "perjurious" under Federal Rule of Civil Procedure § 11(b) in claiming that there were no unresolved issues of fact; and g) Plaintiff engaged in improper *ex parte* communications with the Court and various other acts of fraud, and the Court generally showed favoritism to Plaintiff so as to put Defendant at a disadvantage.  (Doc. No. 53 at ¶¶ 8, 9, 11, 12, 13, 14, 21, 28, 37, 122, 139, 144-66).

Plaintiff requests a denial of Defendant's motion, claiming Defendant has already had a full and fair opportunity to litigate this matter before the Court, and has failed to raise any new evidence or circumstance that warrants vacating the previous judgment.  (Doc. No. 55).

## DISCUSSION

### I.    Legal Standard for a Motion to Set Aside Judgment

Federal Rule of Civil Procedure 60 provides that a court may relieve a party or its legal representative from a final judgment or order on grounds of "newly discovered evidence that,

with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(2) and (3).  "The general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).  A motion for relief under Rule 60(b) is directed to the sound discretion of the court.  *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1989).  Such motions are to be granted only in exceptional circumstances.  *Boughner*, 572 F.2d at 977.

## II.    Analysis: Motion to Vacate Summary Judgment

Upon review of the materials, this Court finds that Defendant has not met the rigorous standard required to vacate a ruling of summary judgment.  Defendant's affidavit is filled with numerous conclusory statements, little factual support, and no new evidence of fraud, misrepresentation, or misconduct by Plaintiff to warrant dismissal, despite numerous assertions to the contrary.  (*See, e.g.*, Doc. No. 53 at ¶ 4).  Most of the arguments presented by Defendant have been addressed previously, both here and in the litigation of Defendant's brother's claims, (Civ. No. 08-01396), and have little to do with the actual merits of the case.  For the sake of evaluation, the Court has grouped the various claims and accusations presented across Defendant's 178-paragraph affidavit into a handful of major arguments, which will briefly be summarized and rejected here.

To start, Defendant attempts to argue that the initial Complaint's error in identifying the partnership in receivership as "Penny Lane Capital Partners, L.P.," as opposed to the correct "Penny Lane Partners, L.P.," (*see, e.g.*, Doc. No. 1 at ¶ 4), is a "devastating mistake" for

Plaintiff's case, (Doc. No. 53 at ¶ 91). The Court squarely dealt with this issue in the opinion denying Defendant's Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 50). The Court found the mistake to be a non-prejudicial scrivener's error: the Complaint clearly identified "Penny Lane Partners, L.P.," as the entity in receivership in both the Complaint caption and paragraph 2, and Defendant's untimely response to the motion for summary judgment showed a clear understanding that Plaintiff referred to Penny Lane Partners, L.P. (*See id.*).

This Court reiterates that the Federal Rules reject the idea that "pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Instead, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Because Defendant has provided no new previously undiscovered evidence that shows prejudice or injury as a result of the error or its correction, nor fraud, misrepresentation, or misconduct, the Court finds this line of argument insufficient to vacate summary judgment under Rule 60(b).

Defendant further attempts to justify vacating summary judgment by arguing that this Court lacks both personal and subject matter jurisdiction. (*See, e.g.*, Doc. No. 53 at ¶ 12.k). This Court appropriately has jurisdiction over this ancillary action pursuant to the Court's May 16, 2006 Order in the Receivership action, Civ. No. 06-1894, and pursuant to 15 U.S.C. § 687(c), and 28 U.S.C. §§ 754, 1367, and 1692. Defendant fails to provide new, previously undiscovered evidence to support lack of jurisdiction or to sufficiently allege fraud or misconduct; thus, this claim fails the standard required by Rule 60 to vacate summary judgment.

The Court similarly discards Defendant's claims that the LPA is invalid based on the lack of a signature page showing the SBA's agreement to be a Preferred Limited Partner, (*see, e.g.*, Doc. No. 53 at ¶ 28), or the signature of a valid General Partner, (*see, e.g., id.* at ¶ 139 (claiming,

*inter alia*, that the typed signature of an unknown Michael Denslow on one of the LPA's pages on behalf of the General Partner negates the existence of a valid partnership contract)).  The Court can find no newly presented evidence of fraud or misrepresentation in connection with these claims.  Regarding the SBA's signature, or lack thereof, the terms of the LPA agreement itself provide that even if "the SBA is not a party to the agreement, the SBA shall be deemed an express third party beneficiary of the provisions of the Agreement . . . to the extent of the rights of the preferred limited partners . . . and shall be entitled to enforce such provisions . . . as if the SBA were a party thereto."  (Doc. No. 36, Ex. 2, at ¶ 4.10).  With regards to the authorized signature of a general partner, the evidence shows that the signature of General Partner William R. Denslow appears on the LPA page physically signed by Jackie Herbst.  (*See* Doc. No. 36, Ex. 2A).  Defendant fails to proffer evidence that this page does not provide adequate confirmation of the authorization of a valid General Partner.  As this Court fails to find any fraud or misrepresentation as to these matters on the part of the opposing party, and fails to see any newly discovered evidence proffered by the Defendant that might affect a reevaluation on the merits, these claims must also be disregarded.

Equally fruitless for the Defendant are 1) his citations to the New York state court fraud claim he brought against Penny Lane as evidence that summary judgment here was premature, (Doc. No. 53 at ¶ 11, 147-62), and 2) his assertions that Penny Lane engaged in previous breaches of contract that resulted in an invalid and null partnership contract, (*id.* at ¶ 163-66).  Generally, a material breach that might relieve Defendant of his responsibilities under the LPA, "must 'go[] to the essence of the contract . . .'" [and] be "'of sufficient importance to justify non-performance by the non-breaching party.'"  *Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 92 (3d Cir. 2008) (quoting *Biolife Solutions, Inc. v. Endocare, Inc.*, 838 A.2d 268, 278 (Del. Ch.

2003)).  Defendant here fails to present sufficient evidence of fraud or other alleged breaches to counter his obligations as a limited partner, and the Court finds these claims insufficient to vacate summary judgment under Rule 60.

Finally, Defendant makes various claims attacking both Plaintiff's conduct and the Court's.  Defendant argues that Plaintiff's motion for summary judgment failed "multiple" Federal Rules of Civil Procedure requirements, was supported by flawed affidavits, and was "perjurious" under Federal Rule of Civil Procedure § 11(b) in claiming that there were no issues of unresolved fact.  (Doc. No. 53 at ¶¶ 8-10).  Defendant claims that the Court engaged in multiple *ex parte* communications and negotiations with Plaintiff, and expressed general favoritism toward Plaintiff, harming Defendant.  (*See, e.g., id.* at ¶ 14).  Defendant further declares that Plaintiff submitted false or fabricated documents to the Court.  (*Id.* at ¶ 13).  While these claims, if shown to be true, would be serious, here they lack any factual or evidentiary support.  Thus, the Court also rejects these claims as sufficient to vacate summary judgment under Rule 60.

<u>CONCLUSION</u>

For the aforementioned reasons, the Court will deny Defendant's motion for summary judgment.  An appropriate form of Order accompanies this Memorandum Opinion.

Dated: October  9 , 2012


      /s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.